**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EARL HINES,** | ) | **CASE NO.1:09CV379** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **BENNIE KELLY, Warden** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Earl Hines' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims. Petitioner was indicted by the January 2007 Grand Jury for Cuyahoga County, Ohio, on one count of Attempted Murder, two counts of Felonious Assault, and one count of Having a Weapon While Under a Disability. The counts of Attempted Murder and Felonious Assault each had one- and

1

three-year Firearm Specifications, a Notice of Prior Conviction, and a Repeat Violent Offender Specification.  The jury convicted Petitioner on all counts. The trial court merged the Felonious Assault convictions and sentenced Petitioner to a total term of incarceration of twenty-five years.

Petitioner filed a timely Notice of Appeal in the state appellate court. On September 2, 2008, the state appellate court overruled Petitioner's assignments of error and affirmed the judgment of the trial court. Petitioner timely filed a Notice of Appeal to the Ohio Supreme Court.  On February 4, 2009, the Ohio Supreme court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  On February 19, 2008, Petitioner petitioned the trial court for Post Conviction Relief pursuant to Ohio Rev. Code § 2953.21.  On July 23, 2008, the trial court dismissed the Petition. Petitioner did not appeal this decision.

Petitioner filed in this court a Petition for a Writ of Habeas Corpus on February 18, 2009, asserting the following  seven claims:

> **GROUND ONE**: Denial of effective assistance of counsel under Sixth Amendment.
>
> Supporting Facts: Petitioner was represented by counsel at trial. Counsel committed numerous errors and omissions and failed to develop any reasonable trial strategy which deprived petitioner of right to effective assistance of counsel.
>
> **GROUND TWO**: Fourteenth Amendment
>
> Supporting Facts: Petitioner was denied a fair trial where the trial [court] failed to take any corrective action to prevent inadmissible and prejudicial evidence to be considered by the jury at his trial. This was compounded when the prosecuting attorney questioned petitioner concerning a prior

arrest which was totally inadmissible.

**GROUND THREE**: Fourteenth Amendment

Supporting Facts: Petitioner was denied a fair trial when the trial [court] submitted a repeat violent offender specification to the jury when the Ohio statute specifically requires this to be either accepted by the court or only to be submitted to a jury after a guilty verdict has been returned.

**GROUND FOUR**: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the trial court failed to give any instructions on inferior offenses of attempted voluntary manslaughter or aggravated assault when substantial evidence was presented which authorize[d] the submission of these lesser offenses to the jury.

**GROUND FIVE**: Fifth and Fourteenth Amendment

Supporting Facts: Petitioner was subjected to unconstitutional multiple punishments where the court failed to merged [sic] an attempted murder and felonious assault conviction arising out of the same transaction thus subjecting petitioner to multiple punishments for the same act.

**GROUND SIX**: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the state failed to produce sufficient evidence to prove all of the elements of the offense beyond a reasonable doubt.

**GROUND SEVEN**: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when he was convicted and sentenced under a repeat violent offender specification which had been ruled to be unconstitutional.

On February 18, 2009, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued her Report and Recommendation on June 29, 2009.  Petitioner filed his Objections to the Report and Recommendation on August 7, 2009, after being granted a deadline extension.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the  report or specified proposed findings or recommendations to which

4

objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In his first ground for relief, Petitioner alleges that he was denied the effective assistance of trial counsel. Respondent claims that Petitioner has procedurally defaulted three portions of the claim of ineffective assistance of trial counsel that he presented to the state appellate court: (1) counsel was ineffective for failing to move to sever the count of Having a Weapon While Under a Disability from the other counts or for failing to stipulate as to that count; (2) counsel was ineffective for undermining Petitioner's case during closing remarks; (3) the cumulative effect of trial counsel's errors deprived Petitioner of his right to a fair trial.

Procedural default occurs when a petitioner fails to present fairly to the highest state court his claims in a federal constitutional context. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*, 459 U.S. 4 (1982). Moreover, a failure to present a claim to the highest court in the state deprives a federal court hearing a habeas petition of jurisdiction on that issue. See *McKeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

The court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the

alleged constitutional error.

5

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A default will also be excused if petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 750.

The Magistrate Judge determined that for this Court to have jurisdiction over a claim for relief, Petitioner must have fairly presented that claim to the highest court in the state.  Petitioner should have presented a claim to the Ohio Supreme Court  in a Memorandum in Support of Jurisdiction following an appeal to the state appellate court. Petitioner  failed to assert these claims in his Memorandum. Although Petitioner claims he would have presented them to the Oho Supreme Court had his petition to accept jurisdiction been granted, the Magistrate Judge correctly points out that is not the standard.  The Ohio Supreme Court was never given the opportunity to decide whether to rule on these claims. Therefore, this Court finds that failure to present those claims procedurally defaulted them and deprived this court of jurisdiction over them.

In the remainder of his first ground for relief, Petitioner argues that he was denied the effective assistance of trial counsel when counsel (1) failed to object to introduction of Petitioner's 1979 conviction for Felonious Assault to the jury and introduced details about that conviction; (2) elicited information about other convictions that could not have been admitted as evidence and failed to object to questions about a 1992 arrest; (3) conceded guilt during closing argument; and (4) failed to request an instruction for lesser-included offenses.

The standard for determining whether petitioner's counsel was ineffective is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984); see also *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997). A claim of ineffective assistance of counsel has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not

6

> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
>
> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687; see also *Groseclose,* 130 F.3d at 1167.

The first prong of this test, the showing of deficient performance, is an objective one. However, this Court agrees with the Magistrate Judge in pointing out that judicial scrutiny of counsel's performance, "must be highly deferential." *Strickland*, 466 U.S. at 689. A reviewing court must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S. at 689.

The second prong of the test for ineffective assistance of counsel is whether the error prejudiced petitioner. An error by counsel, "even if professionally unreasonable," will "not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The Magistrate Judge points out that although the strategy adopted by Petitioner's counsel to stipulate to the Felonious Assault conviction was questionable, it might be considered sound trial strategy, since Petitioner's prior conviction was a serious problem for the defense.

The Court agrees with the Magistrate Judge that Petitioner was not prejudiced by counsel's allegedly deficient performance. There is no reasonable probability that, absent counsel's alleged error in addressing the 1979 conviction, the jury would have accepted Petitioner's explanation of self-defense. Petitioner would have been found guilty even if his counsel had not gone into the details of his 1979 conviction for Felonious Assault. Therefore, because Petitioner cannot show that he was prejudiced by his counsel's alleged error, and the Court cannot clearly say that trial counsel's performance fell below an objective standard of reasonableness, Petitioner's claim that

7

counsel was ineffective is dismissed.

In Petitioner's second ground for relief, he claims that he was denied a fair trial when the trial court failed to prevent and failed to correct the admission of inadmissible and prejudicial evidence, including allowing the prosecuting attorney to question Petitioner concerning a prior arrest. Respondent contends that Petitioner procedurally defaulted these claims by failing to object contemporaneously to these alleged errors. The Court agrees with the Magistrate Judge's determination that "a failure to present a claim to the highest court in the state deprives a federal court hearing a habeas petition of jurisdiction on that issue." *McKeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Petitioner's fourth ground for relief argues that he was denied due process when the trial court failed to instruct the jury on the inferior offenses of Attempted Voluntary Manslaughter and Aggravated Assault. Again, Respondent contends that Petitioner procedurally defaulted this claim by failing to object. Although Petitioner argues the trial court had an independent duty to prevent the admission of inadmissable evidence, and give an instruction on lesser offenses to the jury, the Court agrees with the Magistrate Judge that Petitioner does not demonstrate that he was prejudiced by counsel's alleged error.

The Court finds that the evidence against Petitioner was so overwhelming, that even if the failure to request an instruction on lesser offenses had been error, Petitioner would be unable to show that the outcome of the trial would have been different. A default will be excused if petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 750. As the Magistrate Judge 's Report and Recommendation points out, none of the alleged errors prejudiced Petitioner's right to a fair trial. Therefore, Petitioner's second and fourth grounds for relief have been defaulted.

Petitioner argues in his third ground for relief that he was denied a fair trial in

8

accordance with due process when the trial court submitted a Repeat Violent Offender Specification to the jury. Respondent argues that the court lacks jurisdiction to adjudicate Petitioner's third ground for relief because it raises no federal constitutional concerns but issues of state law only.

Federal courts generally do not grant habeas relief for alleged errors arising under state law:

> "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41 (1984). . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  The Magistrate Judge's Report and Recommendation determined that Petitioner's arguments are not clear regarding a due process violation resulting from submission of a Repeat Violent Offender Specification to the jury.  In his Objections to the Magistrate Judge's Report and Recommendation, Petitioner contends the Magistrate Judge misunderstands the claim.  However, it appears Petitioner is making a state law claim superficially cloaked as a violation of the federal constitution.

This Court agrees with the Magistrate Judge that Petitioner fails to cite any reasonably applicable Supreme Court holding that would support finding a due process violation on the facts of his case.  Petitioner procedurally defaulted any claim that the Repeat Violent Offender Specifications were improperly sent to the jury by failing to object contemporaneously to that procedure.  "[I]n *Engle v. Isaac*, 456 U.S. 107, 124-29, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the Supreme Court specifically found that default imposed for failure to object contemporaneously as required by Ohio's Rule 30 is

9

an adequate and independent state ground to bar federal habeas review absent a showing of cause and prejudice." *Scott v. Mitchell*, 209 F.3d 854, 867 (6th Cir. 2000); see also *Osborne v. Ohio*, 495 U.S. 103,124 (1990). Therefore, Petitioner's third ground for relief is dismissed because this Court has no jurisdiction over claims that do not allege a federal constitutional violation and Petitioner has defaulted his claim.

Petitioner asserts in his fifth ground for relief that he was subjected to unconstitutional multiple punishments when the court failed to merge charges of Attempted Murder and Felonious Assault arising out of the same transaction.  However, as the Magistrate Judge's Report and Recommendation determined, a criminal constitutional question cannot be raised in the Ohio Supreme Court unless it is first presented in the court below. *State v. Jester*, 32 Ohio St. 3d. 147, 154, 512 N.E. 2d 962 (1987).  Petitioner did not cite any federal case in supporting his claim in his brief to the state appellate court, nor did he allege the failure to merge was a constitutional violation.  Therefore, the Court finds Petitioner's  fifth ground for relief is procedurally defaulted and dismissed because he failed to present the claim properly to the state courts in a federal constitutional context.

In his sixth ground for relief, Petitioner alleges he was denied due process because there was insufficient evidence to allow a rational fact finder to return a verdict of guilty. As the Magistrate Judge correctly points out, the evidence against Petitioner was overwhelming. Three eyewitnesses testified to the shooting and to the events leading up to the shooting.  This Court agrees, given the direct testimonial evidence of the  eyewitnesses, the circumstantial evidence, and Petitioner's failure to explain his actions to the jury, he would have been found guilty by any reasonable jury.  The Court finds that Petitioner's claim that this evidence is insufficient for a conviction for Attempted Murder and Felonious Assault is without merit, and therefore Petitioner's sixth ground for relief is dismissed.

Petitioner claims in his seventh ground for relief that he was denied due process of law when he was convicted and sentenced pursuant to a Repeat Violent Offender Specification that had been declared unconstitutional by the Ohio Supreme Court. Respondent correctly states that Petitioner defaulted this claim because he presented it to the Ohio Supreme Court without first having presented it to the state appellate court. Under Ohio law, a criminal constitutional question cannot ordinarily be raised in the Ohio Supreme Court unless it is first presented in the court below. *State v. Jester*, 32 Ohio St. 3d, 147, 154, 512 N.E. 2d 962 (1987).  This Court agrees with the Magistrate Judge that Petitioner does not present cause and prejudice for his default, nor does he argue that enforcing the default would result in a miscarriage of justice. The Court finds the default of this claim should not be excused, and therefore, Petitioner's seventh ground for relief is dismissed.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.  This Court Accepts and Adopts the Magistrate Judge's well-reasoned Report.  Therefore, Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

       IT IS SO ORDERED.

Date:8/26/2009

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge